[Cite as *Alotech Ltd., L.L.C. v. Black*, 2017-Ohio-5575.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104791**

# ALOTECH LIMITED L.L.C.

PLAINTIFF-APPELLEE

vs.

# AUDREY BLACK

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-791234

**BEFORE:** Kilbane, P.J., E.T. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 29, 2017

**ATTORNEYS FOR APPELLANT**

Andrea Whitaker
William T. Whitaker
William T. Whitaker Co., L.P.A.
The Gothic Building
54 East Mills Street, Suite 301
Akron, Ohio 44308


**ATTORNEYS FOR APPELLEE**

Suzanne Bretz Blum
Thacker Robinson Zinz L.P.A.
2330 One Cleveland Center
1375 East 9th Street
Cleveland, Ohio 44114

MARY EILEEN KILBANE, P.J.:

{¶1} Appellant, Audrey Black ("Audrey") appeals from the trial court's order granting the motion to show cause filed against her by appellee, Alotech Limited, L.L.C. ("Alotech"), and the trial court's award of attorney fees to Alotech. In light of our decision in the companion case to this appeal, *Alotech Ltd., L.L.C. v. Kayla Barnes*, 8th Dist. Cuyahoga No. 104389 (the "companion case"), we dismiss this appeal as moot.

{¶2} The instant appeal and its companion case arise out of a civil action brought by Alotech against its Chief Financial Officer, John Black ("John"), his wife, Audrey, and other women alleged to have been unjustly enriched by John's embezzlement of Alotech's business funds.

{¶3} In January 2013, Audrey's mother, Inez Urbancic, created a living trust (the "Urbancic Trust") for the sole benefit of John and Audrey's daughter, Courtney Black ("Courtney"). Among the trust's limited assests is real property located in Euclid, Ohio (the "Urbancic Trust asset"). Inez Urbancic passed away in June 2015, and Audrey was appointed as the Successor Trustee under the terms of the Urbancic Trust.

{¶4} In April 2016, Audrey met with representatives of Alotech in an effort to resolve Alotech's claims against her. At the conclusion of the meeting, the parties reached a settlement agreement whereby Alotech agreed to dismiss its claims against Audrey in exchange for her agreement to: (1) transfer title of the Urbancic Trust asset to Alotech; (2) pay Alotech $15,000 within 15 days of the signing of the agreement; and (3) pay Alotech $150 per month for a period of 100 months. The settlement agreement was

signed by Audrey and Alotech's president, John Grassi. A signature line was provided for Courtney on the settlement document.

**{¶5}** The following day, Audrey contacted Alotech and indicated that she was unable to move forward with the settlement agreement because Courtney, the sole beneficiary of the Urbancic Trust, refused to give her permission to transfer the trust asset to Alotech. Alotech then filed a motion to enforce the settlement agreement, arguing that the terms of the Urbancic Trust allowed Audrey, as trustee, to transfer the assets of the trust without Courtney's permission. The trial court agreed and granted Alotech's motion. Alotech next filed a motion to show cause why Audrey should not be held in contempt for failing to perform her obligations under the settlement agreement.

**{¶6}** In the entry from which Audrey now appeals, the trial court did not make specific contempt findings, but did reiterate its earlier ruling that the settlement agreement between the parties was enforceable. The trial court stated it "excerises its authority to aid in the enforcement * * * of certain provisions of the settlement agreement between the parties" and ordered Audrey to "write a check for $300 to Alotech immediately." The court further issued "judgment on the $15,000 that was due from [Audrey]" with statutory interest from the date of judgment. The court found that Alotech was entitled to its attorney fees from Audrey "expended to secure judicial assistance with the enforcement of the settlement agreement."

**{¶7}** In the companion case, we found the settlement agreement between Audrey and Alotech to be unenforceable because it is violative of public policy, namely the

"absolute fiduciary duty" owed by a trustee to "act in the best interest of the trust benficiary." Because we have found the settlement agreement between Alotech and Audrey to be unenforceable, it follows that the trial court's order aiding in execution of the settlement agreement and awarding attorney fees is void. Accordingly, this appeal is moot.

{¶8} Appeal is dismissed.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR